UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>    v.<br>DEREKE GRAY,<br>        Defendant. | Case No. 14-cr-00212-WHO-1<br><br>**ORDER DENYING MOTION TO SUPPRESS**<br>Re: Dkt. Nos. 49, 61 |

Defendant Dereke Gray moves to suppress the fruits of a search of 3420 Quigley Street, apartment no. 4, in Oakland, California ("the Oakland premises"), at which a substantial amount of cocaine, a digital scale, and almost $10,000 in cash were found. The affidavit supporting issuance of the search warrant erroneously referred to the Oakland premises as belonging to a known drug dealer and the target of the criminal investigation, George Moore, instead of Gray, and contains far more information about the vehicles and other locations that were subject to the warrant than the Oakland premises. But in light of the detailed affidavit from an experienced San Francisco Police Department officer, a reasonable inference can be drawn that Moore used the Oakland premises as part of his drug-dealing business. Considering the totality of the circumstances, there was a fair probability that contraband or evidence of a crime would be found there. Probable cause existed for the search.

This Court's review of the issuance of a search warrant by a magistrate judge is deferential; I must find clear error. *United States v. Celestine*, 324 F. 3d 1095, 1100 (9th Cir. 2003). That does not exist here.

Gray's argument to the contrary is primarily based on officer Donati's misattribution of the premises to Moore instead of Gray in the affidavit and the paucity of information in it concerning the premises, particularly when compared to the other locations identified in the warrant. Gray

properly insists that the magistrate, and I in this review, must evaluate each location separately to determine if sufficient information is provided in the affidavit to support probable cause. *See Greenstreet v. Cnty. of San Bernardino*, 41 F.3d 1306, 1309 (9th Cir. 1994) ("…in the case of multi-location search warrants, the magistrate must be careful to evaluate each location separately."). But Gray's motion is based on an unreasonably constricted reading of the search warrant that I must reject.

While there is no doubt that more information could have been provided concerning the Oakland premises, Donati's five and one half page, single spaced affidavit included: (i) detailed, current information from two informants showing that Moore was selling crack cocaine in the Tenderloin; (ii) statements that Moore had been arrested previously for firearms possession and for selling crack cocaine; (iii) observations that Moore was known to come to the same known drug distribution spot in the Tenderloin approximately five nights per week, from roughly 11 pm to 5 am; (iv) explanations, based on Donati's experience, that crack cocaine traffickers often use 'safe houses' or other associates residences in an attempt to conceal their illegal business; and (v) reports from officers that, on two nights within ten days of seeking the warrant, they tracked Moore to the Oakland premises immediately prior to driving to the Tenderloin for the evening, observed him spend only 5-10 minutes at the Oakland premises, secure it, and then head to his drug-dealing corner. There is also substantial information about one of Moore's accomplices, McCowan, as well as Moore's modus operandi as a mid-level dealer of not being seen selling drugs directly, but sending buyers to his sellers.[1]

The affidavit was not in the least conclusory. Gray concedes as much, agreeing that six of the seven categories sought in the warrant were supported by probable cause. It is a far cry from the conclusory warrants rejected in cases cited by Gray, such as *United States v. Underwood*, 725 F.3d 1076, 1082 (9th Cir. 2013), where the court granted a motion to suppress the search of Underwood's house because the warrant relied upon an affidavit containing "only two facts,

---

[1] Gray complains that some of Donati's affidavit was "boilerplate," text that can be found in any drug-related warrant. That may well be true, but that's not the issue. The issue is whether the text is accurate, and Gray offers no reason to believe to the contrary. Donati is an experienced officer who could be expected to know and opine on the matters in the affidavit.

2

foundationless expert opinion, and conclusory allegations."[2]

Gray's strongest case in support of suppression is *Greenstreet v. City of San Bernadino,* 41 F.3d 1306 (9th Cir. 1994), but there are important distinctions with the facts here. In *Greenstreet*, the affidavit averred that the defendant was a man with a history of drug offenses who was seen at the locus of a drug ring, and at some point went to a third party's residence. *Id.* at 1308. Here, Donati's affidavit provides a detailed description of active drug dealing by a known drug dealer and very recent surveillance showing the identical circumstance of short visits to the Oakland premises immediately prior to going to his drug-dealing corner. The short visit and its occurrence right before Moore started his work in the Tenderloin allow a reasonable inference that Moore was not making a casual social visit to the Oakland premises. While Donati was mistaken about whether the premises were Moore's, it is not the ownership of the premises but the premises's role in Moore's drug-dealing enterprise that matters. Given Moore's history, the information garnered from informants about Moore's current drug-dealing, and Moore's brief visits to the Oakland premises immediately before arriving at the Tenderloin to begin his night's work on two occasions within ten days of consideration of the search warrant, it was reasonable for the magistrate to infer that the Oakland premises would contain evidence of a crime.

In light of all the circumstances, I conclude that there was probable cause for issuance of the warrant to search the Oakland premises. For the same reasons, even if probable cause was lacking, the warrant was not so facially deficient that officers were not entitled to presume it was valid. *United States v. Leon*, 468 US 897, 923 (1984) (suppression is an appropriate remedy if a warrant is "so facially deficient – i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid."); *United States v. Clark*, 31 F.3d 831, 836 (9th Cir. 1994) (a warrant was not facially deficient because "the officers did not mislead the magistrate judge or display a disregard for the truth in the supporting affidavit; nor did the magistrate judge abandon his judicial role."). The good faith exception

---

[2] The two facts were that on one occasion three months earlier Underwood had delivered two wooden crates to persons suspected of running an ecstasy drug trafficking organization, and that a personal-use amount marijuana had just been observed at his house. Those facts did not supply probable cause that Underwood was an ecstasy trafficker. *Id.* at 1082-83.

1  would certainly apply.  Gray's motion to suppress is DENIED.

2  **IT IS SO ORDERED**.

3  Dated: September 15, 2015



WILLIAM H. ORRICK
United States District Judge